IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN LEE WEBB, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-01095-JDB-egb |
| | ) | |
| SHAWN PHILLIPS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

ORDER DIRECTING PETITIONER TO FILE STATEMENT

On May 8, 2017, Petitioner, Brian Lee Webb, filed a habeas corpus petition under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Tennessee. (Pet., ECF No. 2.) On May 19, 2017, the case was transferred to this district. (ECF No. 3.) The Petition is before the Court for initial review.

Petitioner was convicted by a Benton County jury of rape of a child and aggravated sexual battery. *State v. Webb*, No. W2015-01809-CCA-R3-CD, 2016 WL 4060650, at *1 (Tenn. Crim. App. July 27, 2016). On direct appeal, Webb argued that the evidence was insufficient to convict him and that the trial court erred by failing to consider certain mitigating evidence at sentencing. *Id.* at *6. The Tennessee Court of Criminal Appeals rejected the arguments. *Id.* at *4-6. The appellate court remanded for a corrected sentence, however, because "neither the record nor the judgment reflect[ed] service of the aggravated sexual battery conviction at 100% as mandated by statute." *Id.* at *1.

In his federal habeas petition, Petitioner alleges that the evidence was insufficient to convict him (Grounds One and Two); he was "take[n] advantage of" because he "was in a bad

1

car wreck and ha[s] trouble with [his] memory (Ground Three); and the victim's testimony was hearsay (Ground Four). (Pet., ECF No. 2 at 6, 7, 9, 11.) Petitioner also asserts that his counsel "denied [him] help." (*Id.* at 6.) Although the allegation regarding his attorney is not set forth in a separate ground, the Court construes the petition as asserting an ineffective assistance of counsel claim.

Before a federal court will review the merits of a claim brought under § 2254, the petitioner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A claim must be "properly" exhausted, meaning it must be "fairly presented" through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In *Rose v. Lundy*, 455 U.S. 509 (1982), the United States Supreme Court held that a district court must dismiss a "mixed" 28 U.S.C. § 2254 petition containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Id.* at 510. Subsequently, in *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that a district court has discretion to stay a mixed habeas petition to allow the prisoner to exhaust his unexhausted claims. *Id.* at 278.

Here, Webb's evidence-sufficiency claim appears to have been exhausted. *See Webb*, 2016 WL 4060650, at *4. It is unclear from the petition, however, whether the remaining claims have been or are being exhausted in a state post-conviction proceeding. On the habeas corpus form, Petitioner checked the boxes indicating that he filed for post-conviction relief and that the state appellate court denied his post-conviction claims. However, a Westlaw search reveals no post-conviction appellate decisions. It appears that he may have misunderstood some or several of the questions asked in the habeas form regarding post-conviction proceedings. The Court

notes that Webb filed his federal habeas petition just six months after his direct appeal concluded. It is therefore possible that Petitioner has a post-conviction petition pending in the state lower court, or he may yet intend to file one.

Because the Court is unable to determine the status of any post-conviction proceedings or whether Petitioner intends to file for post-conviction relief, he is **ORDERED** to file a statement with the Court indicating whether he has a petition for post-conviction or other collateral relief pending in the state courts and, if yes, the claims raised in the state petition and the status of those proceedings. If Petitioner has not yet filed for any post-conviction or other collateral relief in state court he must state whether he intends to do so. In addition, because it is not clear from the petition whether the remand proceedings ordered by the Tennessee Court of Criminal Appeals have concluded, Webb must also report the status of the remand. He must file his statement within twenty-eight (28) days of the date of this order.

Petitioner's failure to comply with this order will result in dismissal of the petition without further notice pursuant to Federal Rule of Civil Procedure 41(b). *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED this 24th day of May 2017.

                                                **s/ J. DANIEL BREEN**
                                                UNITED STATES DISTRICT JUDGE