IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BRIAN LEE WEBB,

    Petitioner,

v.                                                                                                     No. 1:17-cv-01095-JDB-egb

SHAWN PHILLIPS,

    Respondent.

ORDER STAYING PROCEEDINGS
AND
ADMINISTRATIVELY CLOSING CASE

On May 8, 2017, the Petitioner, Brian Lee Webb, filed a habeas corpus petition ("Petition") under 28 U.S.C. § 2254. (Docket Entry ("D.E.") 2.) In compliance with the Court's orders of May 24, 2017, (D.E. 5), and June 23, 2017, (D.E. 8), the Petitioner filed a "Statement of Compliance" ("Statement") reporting that he has a post-conviction petition pending in state court. (D.E. 10.) For the following reasons, proceedings on Webb's federal Petition will be stayed and this case administratively closed.

Before a federal court will review the merits of a claim brought under § 2254, the petitioner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A claim must be "properly" exhausted, meaning it must be "fairly presented" through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In *Rose v. Lundy*, the United States Supreme Court held that a district court must dismiss a "mixed" § 2254 petition containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust

1

his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." 455 U.S. 509, 510 (1982). Subsequently, in *Rhines v. Weber*, the Supreme Court held that a district court has discretion to stay a mixed habeas petition to allow the prisoner to exhaust his unexhausted claims. 544 U.S. 269, 278 (2005).

Petitioner was convicted by a Benton County, Tennessee jury of rape of a child and aggravated sexual battery. *State v. Webb*, No. W2015-01809-CCA-R3-CD, 2016 WL 4060650, at *1 (Tenn. Crim. App. July 27, 2016). On direct appeal, Webb argued that the evidence was insufficient to convict him and that the trial court erred by failing to consider certain mitigating evidence at sentencing. *Id.* The Tennessee Court of Criminal Appeals rejected the arguments. *Id.* at *3-6. The appellate court remanded the case for a corrected sentence, however, because "neither the record nor the judgment reflect[ed] service of the aggravated sexual battery conviction at 100% as mandated by statute . . . ." *Id.* at *1.

In his Petition, Webb alleged that the evidence was insufficient to convict him (Grounds One and Two); he was "take[n] advantage of," as he "was in a bad car wreck and ha[s] trouble with [his] memory" (Ground Three); and the victim's testimony was hearsay (Ground Four). (D.E. 2 at PageID 12-13, 15, 17.) He also asserted that his counsel "denied [him] help." (*Id.* at PageID 12.) Although this allegation is not set forth in a separate ground, the Court construes the Petition as asserting an ineffective assistance of counsel claim. (*Id.*)

The Court finds that the Petition is a "mixed" petition for purposes of *Rhines*, 544 U.S. at 278. The Petitioner's evidence-sufficiency claim appears to have been exhausted. *See Webb*, 2016 WL 4060650, at *3-4. However, as revealed by the information provided in Webb's Statement, the remaining federal claims are unexhausted and are pending or may be brought in the state post-conviction proceeding. (*See* D.E. 10 at PageID 53-54.)

2

The proceedings in this case are therefore STAYED and the case is ADMINISTRATIVELY CLOSED. Nothing in this order or the related docket entry shall be considered a dismissal or disposition of this case. It is further ORDERED that, within thirty days of the state courts' resolution of his post-conviction petition, the Petitioner shall notify the Court of the resolution and file a motion to lift the stay and reopen this case.

IT IS SO ORDERED, this 24th day of October 2017.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE